NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARTER SCHOOL CAPITAL, INC., a Delaware corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHARTER ASSET MANAGEMENT FUND, L.P., a Delaware Limited Partnership; CHARTER ASSET MANAGEMENT GP, LLC, <br><br> Defendants-Appellants, <br><br> and <br><br> PAUL IM; DAVID PARK; CHARTER ASSET MANAGEMENT, LLC, <br><br> Defendants. | No. 17-56601 <br><br> D.C. No. 2:14-cv-03385-GW-PLA <br><br><br> MEMORANDUM[*] |
| CHARTER SCHOOL CAPITAL, INC., a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHARTER ASSET MANAGEMENT | No. 17-56603 <br><br> D.C. No. 2:14-cv-03385-GW-PLA |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FUND, L.P., a Delaware Limited
Partnership; CHARTER ASSET
MANAGEMENT GP, LLC,

          Defendants,

 and

PAUL IM; DAVID PARK; CHARTER
ASSET MANAGEMENT, LLC,

          Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[**] District
Judge.

Defendants-Appellants Charter Asset Management Fund, L.P. and Charter

Asset Management GP, LLC (together, "CAM") appeal from a jury verdict finding

CAM liable for copyright infringement and awarding $1,174,642 in profits to

Plaintiff-Appellee Charter School Capital, Inc. ("CSC"). CSC cross-appeals the

district court's post-trial rulings granting a new trial and summary judgment to

Defendants and Cross-Appellees Paul Im and David Park (together, the "Individual

---

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

2

Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      There was sufficient evidence for the jury to find that CAM was liable for copyright infringement of either the 2013 form receivables purchase agreement (the "Form RPA") or the 2012 receivables purchase agreement between Avance Academia and CSC (the "Avance RPA"). *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). There was testimony suggesting that the Avance RPA was covered by the assignment agreement because the Avance RPA was essentially the Form RPA with the blanks filled in, and CSC's general counsel testified that the copyright application for the 2012 financing documents included the Avance RPA. CSC's counsel also testified that she compared CAM's form not only to the Avance RPA, but also to the CSC *template* form and concluded they were substantially similar.

2.      Even if the district court abused its discretion by admitting evidence that CAM had sued its lawyers for malpractice and then dismissed the suit, CAM has not demonstrated prejudice. *See Ruvalcaba v. City of L.A.*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("District courts are granted broad discretion in admitting evidence," and a "new trial is only warranted when an erroneous evidentiary ruling

---

[1] We deny CAM's motion to transmit a demonstrative exhibit, which was not admitted into evidence below. 17-56601, Dkt. 38; 17-56603, Dkt. 37. We also deny CAM's motion for the Court to consider additional authority, which CAM could have cited in its briefs. 17-56601, Dkt. 69; 17-56603, Dkt. 68.

substantially prejudiced a party.") (internal quotation marks and citations omitted).

3.      The district court did not abuse its discretion by admitting evidence regarding the amount of fees that CAM and CSC paid their respective attorneys to draft the legal forms. In light of CAM's argument at trial that its profits were attributable to its lower prices, the fee evidence was relevant to proving a causal nexus between CAM's profits and the infringing form. *See* 17 U.S.C. § 504(b). CSC did not use the fees evidence to support a "sweat of the brow" theory. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 352-56 (1991).

4.      The district court did not plainly err by instructing the jury that it should compare the forms "side-by-side." Although the model instructions do not include this language, they do state that the "court and counsel [should] specifically craft instructions on substantial similarity based on the particular work(s) at issue, the copyright in question, and the evidence developed at trial." *See* Ninth Circuit Manual of Model Civil Jury Instructions ("Model Instructions") § 17.19. Moreover, the district court accurately instructed the jury regarding the extrinsic and intrinsic tests.

5.      The district court did not plainly err by including a jury instruction on joint authorship. The instruction was legally accurate, *see* Model Instructions § 17.9, and CAM has not shown prejudice.

6.      The district court did not abuse its discretion by denying CAM's

4

motion for a new trial based on excessive damages. Once CSC presented evidence of CAM's gross revenue and established a causal nexus between the revenue and the infringement, the burden shifted to CAM to prove its expenses and whether any profits were attributable to other factors. *See* 17 U.S.C. § 504(b). The district court correctly afforded the jury's verdict "substantial deference" and concluded that CAM failed to carry its burden of proving that CAM's profits were attributable to other factors. *See Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996) ("We must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.").

7. The district court correctly granted the Individual Defendants' motion for a new trial and summary judgment. CSC submitted no evidence showing that the Individual Defendants profited separately from CAM. *See* Model Instructions § 17.34 ("The defendant's gross revenue is all of the defendant's receipts from" the use of the copyrighted work. "The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence."); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) ("[O]ne defendant is not liable for the profit made by another.").

**AFFIRMED**.